UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

METROPOLITAN CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No.:  2:20-cv-202-FtM-66MRM

SFR SERVICES L.L.C.,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court are two competing motions:  (1) Petitioner Metropolitan Casualty Insurance Company's Motion to Appoint Appraisal Umpire (Doc. 8); and (2) Respondent SFR Services L.L.C.'s Motion to Appoint Appraisal Umpire (Doc. 10). Specifically, each motion asks this Court, pursuant to the relevant insurance policy, to appoint an umpire to settle a valuation dispute between two independent appraisers.  (Doc. 8 at 5; Doc. 10 at 3).  Neither party has responded to the other's motion.  Beach each motion seeks the same type of relief, the Undersigned addresses them jointly.  For the reasons set forth below, the Undersigned recommends that the Court **GRANT** Respondent's motion and appoint Anthony A. Proffitt as an appraisal umpire and **DENY AS MOOT** Respondent's competing motion.

**I.    Background**

Respondent is the assignee of insurance proceeds for work done repairing damage suffered by the original policy holders during Hurricane Irma.  (Doc. 10 at 1).  Pursuant to the insurance policy, Petitioner requested an independent appraisal on December 26, 2019.  (Doc. 8 at 1).  That same day, Petitioner "designated Eduardo Goyanes as its appraiser."  (*Id.* at 1).  On January 8, 2020, Respondent "designated Ricky McGraw as their appraiser."  (*Id.* at 2).  On

February 7, 2020, Petitioner "was advised that the appraisers are unable to agree to a neutral and competent umpire and one will need to be appointed by the Court." (*Id.*). The insurance policy provides that in the event that the appraisers are unable to agree on the amount of loss and on an independent umpire, either party may petition the court to select an umpire. (*Id.*). Pursuant to that policy, Petitioner filed the operative petition (Doc. 1) on March 20, 2020. (Doc. 8 at 2). Subsequently, both Petitioner and Respondent have filed Motions to Appoint Appraisal Umpire. (*See* Doc. 8; Doc. 10). Accompanying their motions, both Petitioner and Respondent have provided the Court a list of three candidates and their respective CVs. (Doc. 8-1; Doc. 10 at 8-16).

## II. Discussion

Given that both parties ask this Court to appoint an umpire, the parties are clearly in agreement that court appointment of an umpire is necessary under the terms of the relevant insurance policy. Therefore, the only issue is which appraisal umpire to appoint. After careful consideration of each candidate's qualifications, the Undersigned finds that Anthony A. Proffitt is exceptionally qualified to serve as an appraisal umpire in this dispute. Mr. Proffitt is a licensed adjuster in thirteen states, including Florida. (Doc. 10 at 14). Additionally, he is a "Certified WIND Umpire." (*Id.*). Mr. Proffitt has over twenty-eight years of experience in valuing losses as an adjuster, appraiser, and umpire. (*Id.* at 14-15). Mr. Proffitt has served as an umpire for more than 8,500 losses since 2002. (*Id.* at 16). Furthermore, Mr. Proffitt was involved in 2,680 claims during the 2004/2005 hurricane season. (*Id.* at 16). Given Mr. Proffitt's extensive experience appraising claims involving hurricane damage, his certifications, and his substantial experience as an appraisal umpire, the undersigned is confident that he has the knowledge and expertise required to serve as an umpire in this dispute.

## CONCLUSION

For the foregoing reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Respondent's Motion to Appoint Appraisal Umpire (Doc. 10) be **GRANTED**;

2. Petitioner's Motion to Appoint Appraisal Umpire (Doc. 8) be **DENIED AS MOOT**;

3. The presiding United States District Judge appoint Anthony A. Proffitt as the neutral appraisal umpire for and during this insurance appraisal process pursuant to the terms of the insurance contract between the parties; and

4. The presiding United States District Judge direct the Clerk of Court to **CLOSE THIS CASE**.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on July 7, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

3

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties